UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RENEE J.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:21-CV-00401-JRS-DLP |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner | ) |
| of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**Order on Motion for Remand**

This is a Social Security disability benefits review. Now before the Court is Defendant's Motion for Remand. (ECF No. 10.) The parties agree that the matter needs to be remanded under Sentence Four of 42 U.S.C. § 405(g). The only dispute is whether the Court should mandate a new hearing on remand, or whether the decision to hold a new hearing should be left to the ALJ's discretion.

The Court thinks the latter option best. This case concerns a "Title II application for a period of disability and disability insurance benefits." (ECF No. 7-2 at 22). "[T]he claimant last met the insured status requirements of the Social Security Act on June 30, 2020," (*id.* at 24), and the ALJ held a telephonic hearing on March 2, 2021, (*id.* at 22). The Social Security Administration's litigation manual provides:

> On remand, the Administrative Law Judge shall offer the claimant the opportunity for a hearing except in a claim for Title II disability

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

insurance benefits when the period at issue expired before the date of the hearing decision (e.g., insured status expired in a disabled worker's claim or the claimant reached age 22 in a child's insurance benefits claim). In those instances, the Administrative Law Judge need not offer the claimant the opportunity for a hearing unless the Administrative Law Judge finds that the facts warrant it.

HALLEX II-5-1-3 "Oral Hearing Upon Remand." That provision covers the situation here: this is a Title II case in which the first hearing was held well after the date last insured. The ALJ may, but need not, offer a new oral hearing upon remand. The ALJ is in the best position to know whether such a hearing would be necessary, helpful, and fair.

In conclusion:

1. The Defendant's Motion for Remand, (ECF No. 10), for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g), is **granted.**

2. The Court will concurrently enter a judgment reversing the Commissioner's decision under sentence four of section 205(g) of the Social Security Act (Act), 42 U.S.C. § 405(g), with remand to the Commissioner for further administrative proceedings.

3. Upon remand, the Commissioner will reconsider Plaintiff's impairments, develop the administrative record as necessary to determine whether Plaintiff is disabled within the meaning of the Social Security Act, and issue a new decision.

**SO ORDERED.**

Date: 10/26/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to registered counsel of record.